# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

___

**BUILDING TRADES UNITED PENSION
TRUST FUND, and WILLIAM BONLENDER
(in his capacity as Trustee),**

        Plaintiffs,

        v.                                Case No. 25-cv-1823

**DORAL CORPORATION,**

        Defendant.
___

## COMPLAINT
___

**NOW COME** the Plaintiffs, by their attorneys, The Previant Law Firm, S.C., by Christopher J. Ahrens and Alex J. Sterling and as for a cause of action against the Defendant, allege and show to the Court the following:

### Jurisdiction and Venue

1. Jurisdiction of this Court upon Defendant Doral Corporation (hereinafter "Doral") is founded upon Section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA") (29 U.S.C. § 1132), in that Plaintiffs are aggrieved by the Defendant's violation of certain collective bargaining agreements, trust plans and trust agreements, and Defendant's continued refusal to submit contributions in accordance with the terms of those plans and agreements, thereby violating the provisions of ERISA, the Multi-Employer Pension Plan Amendments Act ("MPPAA"), the terms and provisions of the employee benefit plans and the common law of the State of Wisconsin.

2. Venue lies in this Court under ERISA § 502(e)(2) (29 U.S.C. § 1132(e)(2)) in that the Defendant's primary business is located in Milwaukee County, Wisconsin.

**Parties**

3. Plaintiff Building Trades United Pension Trust Fund ("Pension Fund") is an employee benefit plan within the meaning of §§ 3(2), (3), and (37), 502, and 515 of ERISA, as amended by the MPPAA (codified as amended at 29 U.S.C. §§ 1002(2), (3), and (37), 1132, and 1145), and brings this action on behalf of the Trustees, participants, and beneficiaries of said plan. Said plan maintains offices at 500 Elm Grove Road, Elm Grove, Wisconsin 53122.

4. Plaintiff William Bonlender is a Trustee and a fiduciary of the Pension Fund, as well as a participant and beneficiary within the meaning of ERISA and as such has standing to be a Plaintiff in this action and to seek the remedies prayed for. William Bonlender maintains an office at 17125 West Cleveland Avenue, New Berlin, Wisconsin 53151.

5. Defendant Doral is a domestic corporation engaged in business with its principal office located at 447 East Stewart Street, Suite 100, Milwaukee, Wisconsin 53207. Its registered agent for service is Scott Doro, 447 East Stewart Street, Suite 100, Milwaukee, WI 53207.

**Facts**

6. Doral is an employer and party in interest in an industry affecting commerce within the meaning of ERISA §§ 3(5), (11), (12) and (14) (29 U.S.C. §§ 1002(5), (11), (12) and (14)) and the LMRA (29 U.S.C. § 151, et seq.).

7. For all times relevant, Doral was and remains a party to and agreed to abide by the terms of one or more collective bargaining agreements (hereinafter "Labor Agreements") between itself and the Laborers' Local 113, as well as the Bridge, Structural, Ornamental & Reinforcing Iron Workers Local Union No. 8 (hereinafter the "Unions").

8. The Unions represent, for purposes of collective bargaining, certain Doral employees and employees of other employers in industries affecting interstate commerce within the meaning of LMRA §§ 2(5), 9(a) and 301(a) (29 U.S.C. § 151, et seq.).

9. The Labor Agreements described herein contain provisions whereby Doral agreed to make timely payments to the Pension Fund for each employee covered by said Labor Agreements.

10. By execution of said Labor Agreements, Doral adopted the trust agreement and amendments thereof which establish and govern the Pension Fund and are necessary for their administration, and designated as its representatives on the board of trustees such trustees as have been named and appointed pursuant to said trust agreement, together with their successors selected in the manner provided in such trust agreement, and thereby ratifying all actions already taken or to be taken within the scope of their authority.

11. By virtue of executing the Labor Agreements and adopting and assenting to all the terms and provisions of the trust agreement, and the rules and regulations heretofore and hereafter adopted by the trustees of the Pension Fund, Doral has agreed as follows:

  a. to file monthly reports and make timely and prompt contributions to the Pension Fund for each employee covered by the aforementioned Labor Agreements;

  b. to designate, and accept as its representatives, the trustees named in the declaration of trust and their successors;

  c. to adopt and abide by all of the actions of the trustees in administering the Pension Fund in accordance with the trust agreement and the rules so adopted;

  d. to pay, in addition to all of the contributions which are due and owing, liquidated damages and interest relative to delinquent contributions; and

  e. to pay, in addition to delinquent contributions, interest and liquidated damages, actual attorney's fees, audit fees, court costs and service fees, should legal action be necessary to obtain delinquent contributions, interest and liquidated damages.

12. Doral has failed to fulfil its obligations pursuant to the terms and conditions of the Labor Agreements and trust agreement by, although not necessarily limited to, the following:

  a. failing to make continuing and prompt payments to the Pension Fund as required by the Labor Agreements and trust agreements for all of Doral's covered employees; and

  b. failing to accurately report employee work status to the Pension Fund.

13. ERISA § 502(g)(2), as amended by the MPPAA provides:

(2) In any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan --

(A) the unpaid contributions,

(B) interest on the unpaid contributions,

(C) an amount equal to the greater of --

(i) interest on the unpaid contributions, or

(ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal of State law) of the amount determined by the court under subparagraph (A),

(D) reasonable attorney's fees and costs of this action, to be paid by the defendant, and

(E) such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of the Internal Revenue Code of 1954.

14. ERISA § 515 provides:

Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or agreement.

15. Despite demands that Doral fulfil its statutory and contractual obligations, the Pension Fund has ascertained that said Defendant has failed to make timely contributions. Doral is now indebted to the Pension Fund as follows:

<u>Audit Period July 1, 2019 through Present</u>:

Building Trades United Pension Trust Fund            Unknown

16. Despite demand from the Pension Fund's auditor, Doral has denied providing the Pension Fund's auditor complete and accurate access to books and records needed to compile an audit for the period July 1, 2019, to the present.

**Claim Against Defendant Doral Corporation**
**Violation of ERISA §§ 502 and 515 (29 U.S.C. §§ 1132, 1145)**

17. As and for a claim for relief against Doral, the Pension Fund realleges each and every allegation contained in paragraphs 1 through 16 above and incorporate the same as though fully set forth herein word for word.

18. Due demand has been made by the Pension Fund upon Doral for payment of all sums due and owing, but said Defendant has refused to pay them, or any part thereof, and all amounts remain due and owing.

19. Because, as the Pension Fund is informed and believes that Doral has not made timely and prompt contributions on behalf of all covered employees, the corpus of the Pension Fund's trust is reduced as well as the Pension Fund's income which effects its ability to pay benefits to qualified participants and beneficiaries. Consequently, ERISA and the Pension Fund's employee benefit plan have been violated, and the Pension Fund is entitled to all of the remedies provided by ERISA.

20. Because Doral has failed to make timely and prompt contributions, some of the Pension Fund's beneficiaries and participants could have benefits reduced for which they would otherwise qualify. These beneficiaries and participants would be left without an adequate remedy at law and would suffer severe and irreparable harm if said Defendant is not mandatorily compelled to comply with the Labor Agreements and enjoined from further breaches.

**WHEREFORE**, Plaintiffs demand the following relief:

1. Judgment on behalf of the Pension Fund and against Doral:

    A. For unpaid contributions, interest, and liquidated damages owed to the Pension Fund for the audit period July 1, 2019, through the present;

    B. For unpaid contributions, interest, and liquidated damages becoming due and/or arising after the commencement of this lawsuit through the date of judgment; and

    C. Reasonable attorney's fees and the costs of this action.

2. An order requiring Doral to serve on the Pension Fund's counsel, within ten (10) days of the date of said order, a list of Doral accounts receivable. With respect to each account receivable, Doral shall itemize:

    A. The amount of each account receivable.

    B. The period of time during which such receivable accrued.

    C. The location of the premises upon which the work was performed.

    D. The nature of the improvement involved for which the account receivable is due.

    E. The present outstanding amount of wages and fringe benefits still owed for labor on the improvement (itemized by individual and by month on each project or improvement separately).

3. An order directing Doral to fully submit to an audit of the company's books and records by the Pension Fund's designated representative for the audit period July 1, 2019, through the present.

4. The Court should retain jurisdiction pending compliance with its order.

5. For such other, further, or different relief as the Court deems just and proper.

Dated this 18th day of November 2025.

/s/

Christopher J. Ahrens
        Christopher J. Ahrens (SBN: 1043237)
        Alex J. Sterling (SBN: 1107931)
        The Previant Law Firm, S.C.
        310 West Wisconsin Avenue, Suite 100MW
        Milwaukee, WI 53203
        414-271-4500 (Telephone)
        414-271-6308 (Fax)
        Email: cja@previant.com
              ajs@previant.com

Attorneys for the Plaintiffs